AUGUSTINE, Judge.
This litigation arose out of a collision between an automobile owned by Karen Ford and operated by her son, Robert Ford and a vehicle driven by Mrs. Edwin (Bessie) Scruggs. The accident occurred on Orleans Avenue in New Orleans. Karen Ford, her son, and Deborah Franco (a guest passenger in the car driven by Robert Ford) filed suit against Mrs. Scruggs and her insurance company, Allstate, alleging that her negligence caused the accident. Mrs. Scruggs reconvened against them alleging that the accident was caused by the negligence of Robert Ford. Ms. Deborah Franco then supplemented and amended her petition to include a claim against Karen Ford, Robert Ford and their insurer, Government Employees Insurance Company (GEICO) alleging that Robert Ford was negligent in causing the accident and the injuries sustained as a result of the collision.
The case was tried to a jury on special interrogatories[1] in which the jury found *561 that Mrs. Bessie Scruggs was not negligent. Robert Ford was found to be negligent and the proximate cause of the accident. As a result, the suit initiated by Robert Ford against Mrs. Scruggs and her insurer was dismissed. The jury awarded $1,000 to Mrs. Scruggs against Karen Ford, Robert Ford and GEICO. Deborah Franco was awarded $1,000 against GEICO, and finally, the jury awarded Karen Ford $85.00 for car rental fees against Mrs. Scruggs and Allstate.
Robert Ford appealed, alleging three errors by the trial court. First, Ford argues that there was insufficient evidence upon which to base a finding of negligence on his part. Second, Ford claims that the car rental fees awarded to Karen Ford is inconsistent with the jury’s finding that Robert Ford’s negligence was the proximate cause of the accident. Third, Ford maintains that the trial court erred in failing to return the jury for further consideration of its answers to the interrogatories or to grant a new trial when the jury did not understand the law or apply the law as charged. We do not find that the trial court committed any errors and therefore affirm the judgment.
Robert Ford argues that there was no credible evidence of negligence on his part. At trial, the testimony of Robert Ford, Deborah Franco, Bessie Scruggs and John Martinez bore directly on the issue of negligence and causation. They were the only eye-witnesses to the accident. The accident occurred between Chappelle and Filmore Streets in the 6700 block of Orleans Avenue in the afternoon on April 21, 1977. Orleans Avenue is an undivided two-way street bordered by a six foot levee wall on one side and a residential area with parked cars on the other. The testimony indicated that two cars could pass each other even though parked cars lined one side of the street.
The plaintiffs, Robert Ford and Deborah Franco, maintain that they were proceeding on Orleans Avenue toward Chappelle. The defendant was parked on the residential side of Orleans Avenue facing Filmore. Plaintiffs contend that Mrs. Scruggs pulled out from her parked position into the stream of traffic causing the collision. Mrs. Scruggs, on the other hand, testified that she had completely withdrawn from her parked position and travelled at least 75 feet when she saw the plaintiff’s vehicle in the middle of the street coming towards her at a high rate of speed. At that time she completely stopped her car. She testified that she thought the plaintiff was “playing chicken” by driving in the middle of the street and that he would soon pull over to *562 his lane of traffic. However, he continued in his line of travel and collided with her. Mr. Martinez, the only other fact witness who was not a party, concurred with the facts as related by Mrs. Scruggs.
The record presents a clear and direct conflict between the versions presented by the parties. The jurors were in a better position to determine the credibility of the parties and witnesses. We cannot substitute our view of credibility for theirs. The jury thus determined that Robert Ford was the sole and proximate cause of the accident. This finding is supported by the record and is not clearly wrong.
Appellant’s second and third specifications of error charge that the jury’s award of $85.00 to Karen Ford is inconsistent with its finding that Robert Ford’s negligence was the proximate cause of the accident. The jury’s award of $85.00 in car rental fees to Mrs. Karen Ford was error. Although Mrs. Ford was not involved in the accident and it was not caused by her, she incurred property damage. The $85.00 was awarded in order to compensate her for the inconvenience she experienced by having to rent a car while hers was being repaired. Since Mrs. Scruggs was not found to be negligent Mrs. Ford cannot recover damages. The compensation does not vitiate the jury’s finding of Robert Ford’s negligence. However, because the defendant’s insurer acquiesced in the judgment, as opposed to appealing an otherwise proper judgment, we will not disturb the award.
In this third specification of error, the appellant specifically asserts that the trial court erred in failing to return the jury for further consideration of its answers to the interrogatories or to grant a new trial when the jury did not understand the law or apply the law as charged. Appellant relies on Code of Civil Procedure Article 1812, which provides in part:
“The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict

“When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers.
“When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict, or may return the jury for further consideration of its answers and verdict, or may order a new trial.
“When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its -answers or may order a new trial.”
Appellants argument is that the $85.00 award is inconsistent with the answers to the interrogatories on negligence by Bessie Scruggs and negligence by Robert Ford. On their face, the answers appear to be inconsistent and the court could have returned the jury for further consideration of its answers and verdict, or ordered a new trial.
Upon reading the interrogatories and the answers thereto, it is apparent that there was some confusion. Interrogatory 10[2] begins by asking the jury what amount should be awarded to Deborah Franco if either Mrs. Scruggs or Robert Ford or both were *563 found to be negligent. It then proceeds to ask what amount should be awarded to Karen Ford or her insurer for damage to her car, implying that if either Mrs. Scruggs or Mr. Ford or both were negligent, Karen Ford should recover damages. The second part of this interrogatory did not notify the jurors that Karen Ford should not recover if Robert Ford were found negligent. The question of damages to Karen Ford should have been addressed in a separate interrogatory.
The jurors were not confused as appellant alleges. Rather, the confusion existed because the interrogatories were drafted poorly. To reverse the judgment of the trial court on this one error would cause substantial injustice to the defendant. In addition, to remand this case to the trial court under La.C.C.P. Art. 1812 would be an unnecessary waste of valuable judicial time, especially in the context of this case. There was no error which would demand a reversal or a remand on our part.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.

.
1. Do you find Aat Mrs. Scruggs was negligent? YES _ NO
2. If your answer to No. 1 is “NO” you need not answer No. 3.
*561 3. If your answer to No. 1 is “YES” then do you find Mrs. Scruggs’ negligence was the proximate cause of the accident? YES _ NO _x
4. Do you find that Mr. Robert Ford was negligent? YES __x_ NO_
5. If your answer to No. 4 is “NO” you need not answer No. 6.
6. If your answer to No. 4 is “YES” then do you find that Mr. Ford’s negligence was the proximate cause of the accident? YES x NO
7. If your answer to No. 1 is “YES” and your answer to No. 4 is “NO” you need not answer No. 8.
8. If your answer to No. 1 is “NO” and your answer to Nos. 4 and 6 is “YES” what amount do you award to Mrs. Scruggs: $1,000
9. If your answer to Nos. 1 and 2 and your answer to Nos. 4 and 6 is “NO” then what amount would you award to Mr. Robert Ford: $ None
10. If your answers to Nos. 4 and 6 are “YES” or your answers to Nos. 4 and 6 are “YES” or if your answers to both are “YES” then what amount would you award to Deborah Franco: $1,000.00
What amount to Karen Ford and/or her insurer for dam- $85.00 (car rent ) ages to her Volkswagon automobile:

. Interrogatory 10 contained two parts. It reads as follows:
10. If your answers to Nos. 1 and 2 are “YES” or your answers to Nos. 4 and 6 are “YES” or if your answers to both are “YES” then what amount would you award to Deborah Franco: $1,000.00_
What amount to Karen Ford and/or her insurer for damages to her Volkswagon automobile: $85.00 (car rental )